IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETE LONGORIA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1684-O |
| | § | |
| DALLAS COUNTY SHERIFF'S DEPARTMENT, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Pete Longoria, a pretrial detainee, against the Dallas County Sheriff's Department, entities identified as "Dallas Sheriff's Department Detention," "Parkland Jail Health," and "Lew Sterrett North Tower Detention Center," and two jail employees. On September 10, 2009, plaintiff tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court then sent written interrogatories to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on October 22, 2009. The court now determines that this case should be summarily dismissed.

II.

On April 27, 2009, while incarcerated in the Dallas County Jail, plaintiff injured his back when he slipped on rainwater that had seeped into his cell through a broken window. (*See* Plf. Compl. at 4, ¶ V; Mag. J. Interrog. #6). Sergeant Lopez was the first detention officer to respond to the incident. Although Lopez immediately called an ambulance, plaintiff alleges that Lopez violated his constitutional rights: (1) by failing to provide plaintiff with dry clothes, a blanket, and towels; (2) by not checking on plaintiff's back injury after he returned from the hospital; and (3) by not reporting the water leak in his cell to the Texas Commission on Jail Standards. (*See* Mag. J. Interrog. #2 & 3). Plaintiff further alleges that a jail physician, Dr. Azeem Muhammad, did not provide him with adequate medical care for his back injury. (*See id.* #1 & 4). By this suit, plaintiff seeks unspecified money damages and injunctive relief.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim on which relief may be granted; or

    (3)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the Dallas County Sheriff's Department, Dallas Sheriff's Department Detention, Parkland Jail Health, and Lew Sterrett North Tower Detention Center. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3-07-CV-1476-M, 2007 WL 4403983 at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). None of these defendants are separate legal entities having jural authority. *See, e.g. Champion v. Parkland Jail Health*, No. 3-09-CV-0689-M, 2009 WL 1904816 at *2 (N.D. Tex. Jul. 2, 2009) (neither Dallas County Sheriff's Department nor Parkland Jail Health is a proper defendant with jural existence); *Searcy v. Cooper*, No. 3-01-CV-0112-D, 2001 WL 435071 at *3 (N.D. Tex. Apr. 20, 2001), *appeal dism'd*, No. 02-11031 (5th Cir. Nov. 18, 2002) (same as to Lew Sterrett Justice Center). Consequently, plaintiff's claims against these defendants should be dismissed.

C.

Plaintiff's claims against the other defendants named in his complaint, Sergeant Lopez and Dr. Muhammad, are governed by the due process clause of the Fourteenth Amendment. The due

process clause requires the state to provide for the "basic human needs" of pretrial detainees. *See Hare v. City of Corinth*, 74 F.3d 633, 639-40 (5th Cir. 1996). This includes the right to "adequate food, clothing, shelter and medical care[.]" *Id.* at 648, *quoting Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). In order to establish a constitutional violation, a detainee must show that the defendant acted with deliberate indifference to a serious condition. *Id.* at 647-48. This, in turn, requires proof that the defendant was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Id.* at 648, *citing Farmer*, 114 S.Ct. at 1984. "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). In the context of a medical care claim, a pretrial detainee must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). A delay in providing medical care does not rise to the level of a constitutional violation unless the delay results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Nor does an incorrect diagnosis or a mere disagreement over the proper course of medical treatment constitute deliberate indifference. *See Domino*, 239 F.3d at 756; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

1.

Plaintiff criticizes Sergeant Lopez for leaving him in wet clothes from 9:15 a.m. until 6:45 p.m. on the day of the incident, and for not providing him with a dry blanket and towels. Even if Lopez acted with deliberate indifference, plaintiff has not alleged any facts to indicate that these conditions subjected him to a serious risk of substantial harm. *See, e.g. Hamdan v. Copes*, No. 05-1293-L, 2006 WL 1831532 at *4, 10-11 (W.D. La. May 19, 2006), *quoting Woods v. Edwards*, 51

F.3d 577, 581 (5th Cir. 1995) (prisoner who alleged that mattress and blanket became wet from leaky toilet and that he was forced to wear the same clothes for 19 days failed to establish that conditions were "so serious as to deprive [him] of the minimal measure of life's necessities"); *Harris v. Hulkoff*, No. 2-05-CV-198, 2007 WL 2479467 at *3-4 (W.D. Mich. Aug. 28, 2007) (same as to allegation that prisoner was left without blankets in a cold cell for 52 hours).

Nor can plaintiff sue Lopez for not checking on his back condition and for not reporting the water leak in his cell to the Texas Commission on Jail Standards. No facts are alleged to suggest that Lopez was subjectively aware of any risk of harm to plaintiff after he returned from the hospital. Likewise, the failure to report the incident to state regulatory authorities did not deprive plaintiff of a basic human need. This claim should be summarily dismissed.

2.

The court reaches the same conclusion with respect to plaintiff's medical care claim against Dr. Muhammad. In his interrogatory answers, plaintiff acknowledges that he saw the doctor at least five times between May 1, 2009 and September 28, 2009. (*See* Mag. J. Interrog. #4). Plaintiff also admits that he had an MRI exam and was prescribed medication for back pain. (*See id.* #1). Although plaintiff complains that he was not referred to a back specialist and generally alleges that Dr. Muhammad never properly evaluated his injury, (*see id.* at 1 & 4), this is nothing more than a disagreement over the course of medical treatment that is not actionable under 42 U.S.C. § 1983. *See Graves v. Hampton*, 1 F.3d 315, 319-20 (5th Cir. 1993); *Williams v. Dallas County*, No. 3-01-CV-0400-D, 2003 WL 21662823 at *5 (N.D. Tex. Jul. 14, 2003), *rec. adopted*, 2003 WL 22359487 (N.D. Tex. Sept. 9, 2003).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 9, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE